# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74718-5-I |
|  | ) |  |
| Respondent, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOSEPH SCOT GRAY, | ) | UNPUBLISHED |
|  | ) |  |
| Appellant. | ) | FILED: June 12, 2017 |
|  | ) |  |

COX, J. – Joseph Gray appeals his conviction on retrial for actual physical control of a motor vehicle while under the influence. Although Gray's first trial ended in a mistrial caused by the prosecutor's comments during opening statements, these comments were not intended to provoke a mistrial. Accordingly, his retrial did not violate double jeopardy. We affirm.

The State initially charged Gray with second degree driving while license suspended, driving without an ignition interlock, and felony driving while under the influence (DUI). Prior to trial, Gray entered guilty pleas to everything except the felony DUI charge.

The defense offered to stipulate to the prior conviction element of felony DUI. To avoid informing the jury that the prior conviction was a DUI, Gray offered to stipulate "to his legal status as someone with a prior conviction under [RCW] 46.61.502." He also proposed jury instructions that did not name the prior conviction. Defense counsel told the court "the purpose of the stipulation is to sort of cleanse the prejudice that comes with criminal history . . . ." The court accepted the stipulation.

No. 74718-5-I/2

During opening statement, the prosecutor made the following remarks about the elements of felony DUI:

> At the conclusion of the proceedings, I will be back here with my closing arguments and I will be asking you to return a verdict of guilty when it comes to felony DUI. You'll be asked to return a verdict of guilty for the DUI portion, but then you'll be given a special verdict for felony DUI and you'll be asked to answer the question whether or not *Mr. Gray had a prior felony DUI conviction.*
>
> *And I expect that you will receive a stipulation in the form that he did, in fact, have a prior felony DUI.*[1]

Defense counsel immediately objected. The court sustained the objection and excused the jury.

Defense counsel then moved for a mistrial. Counsel argued that under the stipulation, "we were not informing the jury that [Gray] has prior driving under the influence convictions. . . . The jury has now been told the nature of that prior conviction." The prosecutor responded that "this was not intentional on my part as I don't believe that there was explicit argument as to redacting the term felony." The court explained that the stipulation was not "redacting the term felony but the term DUI." The prosecutor, however, stated that she still had the burden to prove all the elements of the offense and that she believed the stipulation allowed her to explain the prior conviction element to the jury:

> [PROSECUTOR]: Your Honor, it's my understanding in signing that stipulation was not that I was signing away my ability to describe . . . the statute . . . as what it is.
>
> THE COURT: Well, that was the Court's intent. Why do that if we're not going to refer to DUI, refer to DUI in a DUI trial?

---

[1] Report of Proceedings (December 21, 2015) at 34-35 (emphasis added).

- 2 -

[PROSECUTOR]: Your Honor, the purpose of the stipulation is certainly to sanitize the facts of the particular case, but it does not relieve the State of its burden of proving every element beyond a reasonable doubt. If the WPIC committee and if the jury instructions state that it is a felony violation of that statute and felony violation – and it is a felony prior driving-related offense, then the State does need to prove that. I will reference our charging document, our Information, our second – sorry.

THE COURT: I've read your Information.

. . .

THE COURT: And I took care reading the Information only to use the term 46.61.502 . . . .

. . .

[PROSECUTOR]: . . . Your Honor . . . this was not an intentional act of the State. I was merely explaining what that stipulation would contain and it's part of my opening. The jurors are further instructed, Your Honor, in concluding instructions –

THE COURT: Well, it lets the cat out of the bag at this point and undoes everything the Court was trying to do with the motions in limine and the stipulation.

[PROSECUTOR]: That was not my intent. That was not my intent, Your Honor. I was merely trying to explain what the State would have to be proving in our case.

The court ultimately granted a mistrial, stating:

THE COURT: Well, Counsel, you entered into a stipulation that the defendant, Joseph Scot Gray, was convicted on September 29th, 2011, of a felony violation of RCW 46.61.502 in the State of Washington. It didn't say a felony DUI. We did that for a reason. I drafted the language up. You agreed to it.

I've also provided you with an instruction to go with this which includes the limiting instruction.

I've also drafted a special verdict form which asks the question whether the defendant has previously been convicted of a felony violation of [RCW] 46.61.502.

So I think it should have been clear to everybody that the intent was not to refer to DUI but refer to the statute, the RCW, which contains the DUI offense, to give the State the ability to prove that felony offense but at the same time to provide the maximum protection for the defendant for not admitting evidence that can be construed as propensity evidence or propensity to commit the offense of DUI.

Given the motions in limine and the previous agreement to the language of the stipulation, I'm going to grant the motion for a mistrial, finding that there's no way we can now unring the bell once the bell of referring to felony DUI has been rung with the jury during the opening statement. **And I don't think it was intentional on your part**, but here we are.[2]

Following a second trial, a jury acquitted Gray of felony DUI but found him guilty of the lesser included offense of actual physical control of a motor vehicle while under the influence.

Gray appeals.

## DOUBLE JEOPARDY

The central issue on appeal is whether Gray's retrial was barred by double jeopardy. Whether a retrial violates double jeopardy is a question of law we review de novo.[3] We may review this claim for the first time on appeal.[4]

The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington State Constitution prevent the State from putting a person in jeopardy twice for the same crime. As a general rule, double jeopardy does not bar retrial after a defendant moves for a mistrial.[5] When, however,

---

[2] Id. at 36-43 (emphasis added).
[3] State v. Jackman, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).
[4] RAP 2.5(a).
[5] Oregon v. Kennedy, 456 U.S. 667, 672-73, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982).

prosecutorial misconduct necessitates a mistrial and the prosecutor "intended to 'provoke' the defendant into moving for a mistrial," "a defendant may invoke the bar of double jeopardy" in a retrial.[6]

Gray contends the prosecutor's comments show "her intent was to violate the trial court's order in limine in order to have the court reconsider its ruling." He concludes the "prosecutor's action caused jeopardy to terminate and the subsequent retrial . . . violated double jeopardy." The State claims Gray's contention "is a factual issue" and "by failing to raise [it] at the trial level, [Gray] failed to preserve it for review." Alternatively, the State contends the record supports the court's finding that the prosecutor did not intend to provoke a mistrial.

We generally do not consider issues raised for the first time on appeal. RAP 2.5(a). There is an exception, however, for manifest errors affecting a constitutional right. RAP 2.5(a)(3). An error is manifest if it is unmistakable, evident or indisputable, and had practical and identifiable consequences in the trial.[7] If the facts necessary to adjudicate the claimed error are not in the record on appeal, manifest error cannot be shown and the error is not reviewable.[8]

We conclude the record is sufficient to review Gray's double jeopardy argument and that, even assuming the argument is otherwise reviewable for the first time on appeal, it lacks merit. As discussed above, double jeopardy bars a

---

[6] Id. at 679.
[7] State v. Lynn, 67 Wn. App. 339, 345, 835 P.2d 251 (1992).
[8] State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

retrial only if the prosecutor intentionally provoked Castillo into moving for a mistrial. During argument on the mistrial motion below, the prosecutor stated it was not her "understanding that we were refraining from calling [the predicate offense] a felony DUI." She emphasized that she had a different understanding of the court's pretrial ruling and repeatedly stated that she did not intentionally violate the ruling.

In granting a mistrial, the court told the prosecutor "I don't think it was intentional on your part . . . ." This finding is supported by substantial evidence in the record. Gray's retrial did not violate double jeopardy.

## COSTS

The State seeks an award of costs on appeal under RCW 10.73.160. We deny its request.

Appellate courts may deny a request for costs in a criminal case if the appellant is indigent.[9] When a trial court makes a finding of indigency, that finding continues throughout review unless the record shows that the offender's financial circumstances have significantly improved.[10]

Here, the trial court found Gray indigent prior to trial and ordered that he receive an appeal at public expense. The State offers nothing evidencing a

---

[9] State v. Sinclair, 192 Wn. App. 380, 389-93, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

[10] RAP 14.2; Sinclair, 192 Wn. App. at 393 (noting that the Rules of Appellate Procedure establish a presumption of continued indigency).

significant improvement in Gray's financial circumstances.  We exercise our discretion to deny costs on appeal.

We affirm the judgment and sentence and deny the State's request for costs on appeal.

_Cox, J._

WE CONCUR:

_____

_Trickey, J_